## Sincavage v. Howells

*Peter P. Olszewski*, for plaintiffs.

*Frank L. Groskie*, for defendants.

PINOLA, J., April 23, 1957.—Plaintiffs have demurred to defendants' answer and counterclaim to their complaint for goods sold and delivered.

Plaintiffs' complaint avers in the usual form, the identity of the parties, the sale and delivery at defendants' special instance and request of building supplies, at the times, in the amounts, of the kinds and for the prices set forth in a true and correct copy of plaintiffs' books of original entry attached to the complaint as exhibit A, that the prices charged are reasonable and those which defendants promised to pay and that demand for payment was refused.

Defendants made only a general denial to the complaint, couching their denials in haec verba.

Pa. R. C. P. 1029 (*b*) provides:

"Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by

subdivision (c) of this rule, shall have the effect of an admission."

In 2 Anderson Pa. Civ. Pract. 438, we find the following comment:

"Under Subdivision (b) an averment of fact is admitted if it is not specifically denied. This is an elementary proposition but there is some difficulty in determining when a denial is specific. The term 'specific denial' is a continuation from the former Practice Act of 1915 and the interpretation given to that term under that Act should be controlling as to its meaning in Rule 1029(b). Under those decisions it was·held that a denial to be specific must deny what is averred and then must affirmatively aver what did occur in the place of the fact which is denied. A denial is not a specific denial when it merely states that the averment of the adverse party is 'denied' or which states that 'it is denied that' and then repeats word for word the averments of the opposing pleading. Moreover, in pleading affirmatively what has occurred, the pleader must state the material facts in a concise and summary form."

In its present form defendants' answer must be construed as an admission of plaintiffs' claim. Moreover, in their counterclaim defendants admit receipt of the merchandise and part payment therefor.

Plaintiffs demurred to defendants' counterclaim, contending that it fails to state a cause of action. With this we agree. Defendants aver in narrative form that they did purchase from plaintiffs the materials and supplies set forth in the complaint, that plaintiffs represented the materials to be suitable for manufacture of rubber stamp handles, that defendants, relying on the representation, accepted the materials, made handles and delivered them to a purchaser who, upon inspection, rejected and returned them as unfit, that a sum in excess of the amount claimed by plaintiffs

was expended in converting the materials into handles and that the balance of the materials are held by defendants for return to plaintiffs.

They say plaintiffs are indebted to them in the sum of $1027.53, and giving credit to plaintiffs for the amount for which suit is brought, leaves plaintiffs indebted to defendants in the sum of $555.61.

Obviously, the claim is substantially defective.

Under section 2-606 of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12A PS §2-606(1):

"Acceptance of goods occurs when the buyer . . . (c) does any act inconsistent with the seller's ownership . . ."

It is clear from their own pleading that defendants accepted the materials and indicated their acceptance by acts in connection with them inconsistent with the sellers' ownership. This occurred when defendants processed the materials and at least attempted to sell the product to a third person, all without a prior rejection of any of the materials supplied.

Even if we were to consider any rejection on the part of defendants, the pleading fails to set forth the manner in which the rejection was communicated, to whom it was communicated and the reason for the rejection. If defendants base their claim on a breach of warranty, the allegation of notice of a breach must be clear and unambiguous. Not only the time when the discovery of the defect was made, but when and how notice of this fact was given to the seller, should be averred. An averment that notice was given "immediately" or "promptly" is not sufficient: 4 Standard Pa. Practice 368, §270.

While we deem the objections well taken, we are not disposed to foreclose defendants without an opportunity to amend either or both the answer and counterclaim. If facts are available to them and are properly pleaded, a proper issue may be raised.

Accordingly, we enter the following

*Order*

Now, April 23, 1957, at 9 a.m., the preliminary objections are sustained and defendants are directed to file an amended answer and counterclaim within 20 days.